2011 ME 19

**In re KAITLYN P. et al.**

Supreme Judicial Court of Maine.

Argued: Jan. 12, 2011.
Decided: Feb. 8, 2011.

---

Jack Hunt, Esq. (orally), Kennebunk, ME, for the mother.

Janet T. Mills, Attorney General, Nora Sosnoff, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, ME, for the Maine Department of Health and Human Services.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1] The mother of Kaitlyn P. and Brooke P. appeals from a judgment entered in the District Court (Farmington, *Stanfill, J.*) terminating her parental rights. The mother contends that despite her waiver of objections to the judge's impartiality, the trial judge erred by failing to recuse herself from the termination proceeding based on the judge's prior par-

ticipation in criminal and protection from abuse proceedings involving the mother. Finding no error, we affirm.

## I. BACKGROUND

[¶ 2] The mother of Kaitlyn P. and Brooke P., ages seven and four, has had frequent encounters with the police, some resulting in arrests for criminal trespass, violation of conditions of release, reckless conduct, and domestic violence terrorism, and other encounters that did not result in her arrest. On more than one occasion, the mother had her young children with her in the car at night while pursuing contact with ex-boyfriends who had previously assaulted her.

[¶ 3] In June 2008, the police discovered Kaitlyn and Brooke sleeping in the back seat of their mother's car parked in the road. While moving the car, the police officer discovered that the car's brakes were inoperable. In response to the incident, the Department of Health and Human Services petitioned for and received orders from the District Court (*Beliveau, J.*) granting the Department custody of both children, who were placed with their respective paternal grandparents.

[¶ 4] The mother was subsequently diagnosed with a personality disorder and began treatment with a counselor, continuing for five months, and then stopping for five months prior to beginning treatment with another counselor. She also participated in Dialectical Behavior Therapy (DBT) groups, but did not fully complete a DBT course as recommended by the Department.

[¶ 5] After the children had been in the Department's custody for fifteen months, the Department filed petitions to terminate the parental rights of the mother and

each child's father.[1] During the trial, the judge and counsel discussed the judge's possible recusal because of the judge's participation in previous court proceedings involving the mother. During a chamber's conference, the mother's counsel waived any objection on that basis. After hearing the testimony of thirty-two witnesses, the court issued an order terminating the mother's parental rights pursuant to 22 M.R.S. § 4055(1)(B)(2)(b)(i) (2010).

[¶ 6] The court found that the children had been placed in jeopardy as a result of the mother's "obsessive and histrionic behavior, entanglements, crises and arrests," which created a chaotic and dysfunctional home life for the children. Living in this environment, the children had been exposed to the risk of serious harm, including "severe anxiety, depression or withdrawal, untoward aggressive behavior ... or similar serious dysfunctional behavior." See 22 M.R.S. § 4002(10)(B) (2010). The court concluded that the Department demonstrated by clear and convincing evidence that the mother was unwilling or unable to protect the children from such jeopardy and that it was in the best interest of the children that her parental rights be terminated. See 22 M.R.S. § 4055(1)(B)(2)(b)(i).

## II.  DISCUSSION

■ [¶ 7] The mother contends that the judge should have recused herself sua sponte because the judge had reason to believe that she could not act with complete impartiality due to her involvement as a judge in the mother's previous court appearances. See M.Code Jud. Conduct 3(E)(1). The judge had previously presided at various arraignments and other criminal hearings involving the mother, as well as at hearings on several protection from abuse and protection from harassment petitions to which the mother was a party.

■ [¶ 8] We have previously held that when a party fails to make a timely motion for recusal, that failure constitutes an implicit waiver of the objection to the judge's qualification. *MacCormick v. MacCormick*, 513 A.2d 266, 267 (Me.1986). Once judgment is entered, "a party has waived his right to disqualify the trial judge and if he has waived that issue, he cannot be heard to complain following an unfavorable result." *Id.* at 268 (quotation marks omitted).

■ [¶ 9] The rationale for this rule is obvious: A party should have no incentive to "roll the dice" for a favorable decision "and then, if the decision is unfavorable, raise grounds for recusal of which she or [her] counsel had actual knowledge prior to the decision being made." *Id.* at 267 (quotation marks omitted). Thus, where a party asserts on appeal that a judge should have recused herself, but the party failed to bring a motion for recusal, or, as in this case, the issue of recusal was affirmatively waived, we review the judge's decision only for obvious error. *See DeCambra v. Carson*, 2008 ME 127, ¶ 8, 953 A.2d 1163, 1165; *In re William S.*, 2000 ME 34, ¶ 8, 745 A.2d 991, 995.

■ [¶ 10] No evidence of any error, much less obvious error, resulting from the judge's failure to recuse herself has been presented here. The judge disclosed to counsel her prior involvement with the mother's legal entanglements and the mother's attorney expressly waived any objection on that basis during a conference in the judge's chambers.[2] Moreover, there

---

1.  Both men conditionally agreed to the termination of their rights, upon the termination of the mother's rights. Their cases are not under appeal.

2.  The mother's trial counsel, who is not her counsel on appeal, affirmatively waived any objection during the course of a chamber's conference. As the circumstances of this ap-

was no basis for recusal in this case: "[T]he fact that a judge presided at one trial or proceeding will not suffice to support a motion to recuse that judge from a subsequent proceeding." *State v. Rameau*, 685 A.2d 761, 763 (Me.1996). Additionally, without evidence of bias or influence, the mere possibility that a judge "might be improperly influenced by evidence that had been admitted during a previous trial, but would not be admissible in the present case is a wholly inadequate ground for disqualification." *Wood v. Wood*, 602 A.2d 672, 674 (Me.1992) (quotation marks omitted). Thus, even in the absence of the judge's disclosure and the mother's waiver, the record reveals no grounds that would require the recusal of the judge in this case.

[¶ 11] The mother also contends that the court erred by admitting three hearsay statements into evidence. We see no need to address this contention further because even if we were to assume that one or more of the statements had been improperly admitted, the great volume of evidence supporting the court's termination findings renders any such error harmless. *See* M.R. Civ. P. 61.

The entry is:

Judgment affirmed.

peal demonstrate, an attorney's waiver of his or her client's objection to a judge's involvement in a case should be made on the record in the client's presence.